**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

DuWayne M. Gorden,

        Petitioner,

v.

Commissioner of Veterans Administration, VA Higher-Level-Review-Panel, and John/Jane Doe VA Employees Involved,

        Respondents.

Case No. 26-cv-2545 (JWB/LIB)

**REPORT AND RECOMMENDATION**

---

Pursuant to a general assignment made in accordance with 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Petitioner DuWayne M. Gorden's request for Preemptory Mandamus Relief, [Docket Nos. 1, 3]); his Declaration in Support of Motion to Proceed In Forma Pauperis, [Docket No. 2], which the Court construes as an application to proceed in forma pauperis ("IFP") in this action; and his Motion for the Appointment of Counsel, [Docket No. 4]. For the reasons below, the Court recommends denying the Petition, dismissing this action, and denying Petitioner's other motions as moot.

Petitioner (proceeding pro se) is a Vietnam-era veteran of the U.S. Army now civilly committed to the Minnesota Sex Offender Program ("MSOP"). (See, e.g., Aff. [Docket No. 6] at 4; Petition [Docket No. 1] at 10). The Petition challenges decisions by the Department of Veterans Affairs ("VA") to reduce and then terminate his non-service-connected ("NSC") pension. (See, e.g., Aff. [Docket No. 6] at 2, 5). Petitioner seeks a writ of mandamus under 28 U.S.C. § 1361 compelling the VA to restore and pay his pension, recover withheld back benefits, and award money damages. (See, e.g., Petition [Docket No. 1] at 1, 14–15; Aff. [Docket No. 6] at 2–3).

Petitioner began this action by submitting several filings. Docket No. 1, titled "Affidavit Supporting Motion for Preemptory Mandamus Relief" (the "Affidavit"), is an 18-page sworn narrative describing Petitioner's dealings with the VA between March 2019 and December 2025. Docket No. 3, the Petition, is a 2-page request for the relief the Affidavit describes. The Court treats Docket Nos. 1 and 3 together as Petitioner's original petition invoking 28 U.S.C. § 1361, the federal statute giving district courts jurisdiction over "action[s] in the nature of mandamus."[1]

As the Court understands the allegations, Petitioner applied for NSC pension benefits in March 2019, while civilly committed at MSOP. (See, e.g., Petition [Docket No. 1] at 10). The VA initially denied the application because Petitioner's income was too high, based on the VA's determination that Petitioner was receiving Social Security benefits. (See, e.g., Id.). Petitioner maintains that his Social Security benefits were suspended in November 1991[2] and that he has received no such income since. (See, e.g., Id.). After successive requests for higher-level review, the VA granted pension benefits but, applying its countable-income rules, calculated Petitioner's monthly payment at $157 (which Petitioner describes as 10 percent of the full pension amount); by Petitioner's account, this still treated him as receiving Social Security income he does not receive. (See, e.g., Petition [Docket No. 1] at 11–16; Exhibits [Docket No. 1-1] at 1).

Furthermore, in a letter dated May 4, 2026, the VA informed Petitioner that it was withholding his pension benefits because he is confined for treatment at the MSOP, stating that the agency was "required by law to withhold [his] benefits from the beginning of [his] award" until his release, and indicating that benefits already paid must be repaid. (Administrative Letter [Docket

---

[1] About three weeks after filing this action, Petitioner filed two more documents to expand on his initial filings. The first, titled an "Affidavit Supporting Motion to Supplement," [Docket No. 6], seeks leave to supplement the Petition in two ways: to add the director of a regional VA office as a named respondent and to add factual developments arising after Petitioner's original filing. The second, [Docket No. 7], is an accompanying packet of exhibits. The Court construes Docket Nos. 6 and 7 as supplemental submissions supporting the Petition and considers them together with the original filings below.

[2] Suspended because, at that time, Petitioner "was in the Department of Corrections." (Petition [Docket No. 1] at 10).

No. 7] at 7). Petitioner claims this determination is error because, in his view, civil commitment is not a lawful basis to withhold benefits. (See, e.g., Aff. [Docket No. 6] at 5; Petitioner's Reply Letter [Docket No. 7] at 11).

The Court views the Petition as presenting (1) a claim for a writ of mandamus under 28 U.S.C. § 1361, directing the VA to restore Petitioner's pension; (2) a claim for the recovery of back benefits; and (3) a claim for money damages arising from the handling of his pension. Petitioner is not, however, entitled to any of the requested relief.

The Petition suffers from a bedrock jurisdictional problem. "Federal courts are courts of limited jurisdiction," and courts "presume[] that a cause lies outside this limited jurisdiction" unless "the party asserting jurisdiction" shows that jurisdiction exists. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citing cases); see also, e.g., Dakota, Minn. & E. R.R. Corp. v. Schieffer, 715 F.3d 712 (8th Cir. 2013) (quoting Kokkonen). When a court finds that it lacks subject-matter jurisdiction, it must dismiss the relevant action. See, e.g., Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). A federal court also has an independent duty to confirm its own jurisdiction at an action's outset. See, e.g., Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (citing Arbaugh, 546 U.S. at 514); Gallagher v. Santander Consumer USA, Inc., 125 F.4th 865, 867 (8th Cir. 2025) (quoting Hekel v. Hunter Warfield, Inc., 118 F.4th 938, 941 (8th Cir. 2024)).

The key barrier to Petitioner's suit is the jurisdiction-stripping provision of the Veterans' Judicial Review Act ("VJRA"),[3] now codified at 38 U.S.C. § 511(a). Section 511(a) states (as relevant here) that the Secretary of Veterans Affairs "shall decide all questions of law and fact

---

[3] Pub. L. No. 100-687, div. A, 102 Stat. 4105 (1988) (codified as amended in scattered sections of 38 U.S.C). The VJRA amended the then-governing preclusion statute at 38 U.S.C. § 211(a); the Department of Veterans Affairs Codification Act later moved the provision to § 511(a), Pub. L. No. 102-83, 105 Stat. 378 (1991).

3

necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans," and that, subject to certain specified exceptions, "the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." The exceptions appear in 38 U.S.C. § 511(b), and the only one relevant here[4] is § 511(b)(4)'s reference to "matters covered by chapter 72 of this title," which refers to the VJRA's own internal scheme of administrative and judicial review. See 38 U.S.C. § 7251–7299 (comprising relevant Chapter 72).

That scheme is meant to be exclusive. A veteran who disagrees with a VA regional office's benefits determination can appeal to the Board of Veterans' Appeals, which issues the final decision of the Secretary. See generally Id. § 7104. A veteran who disagrees with that decision can appeal to the U.S. Court of Appeals for Veterans Claims, which has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." 38 U.S.C. § 7252(a). From there, if necessary, a veteran can seek review in the U.S. Court of Appeals for the Federal Circuit. See 38 U.S.C. § 7292(c). A Federal Circuit decision is ultimately reviewable in the U.S. Supreme Court. Unsurprisingly, given these statutory commands, the Eighth Circuit has repeatedly applied § 511(a) to bar district-court review of suits that, whatever their label, would require a court to decide whether the VA acted properly in handling a veteran's benefits. See, e.g., Newcombe v. United States, 933 F.3d 915, 917 (8th Cir. 2019) (citing authorities); Jones v. United States, 727 F.3d 844, 847 (8th Cir. 2013) (same); Hicks v. Veterans Admin., 961 F.2d 1367, 1369 (8th Cir. 1992) (same).

---

[4] In brief: § 511(b)(1) preserves judicial review of the Secretary's rulemaking. Section 511(b)(2) retains district-court jurisdiction over suits concerning government life-insurance contracts. See 38 U.S.C. §§ 1975, 1984. And § 511(b)(3) excepts "matters arising under chapter 37 of this title," which refers to claims under the Department's housing and small-business loan-guaranty program. See Id. §§ 3701–3772. None addresses Petitioner's claim.

This action falls squarely within the § 511(a) bar. The Petition's gravamen is that the VA wrongly reduced and terminated his NSC pension and wrongly demanded repayment. To grant any relief Petitioner seeks, then, this Court would first have to decide that the VA acted improperly in determining that Petitioner's MSOP commitment disqualifies him from that pension. That is exactly the kind of question § 511(a) commits to the scheme discussed above. Congress made that path exclusive, so that is how Petitioner must present his claims here.

The Court notes that the authority on which Petitioner principally relies is Philbrook v. McDonough, 15 F.4th 1117 (Fed. Cir. 2021). There, the Federal Circuit construed certain statutory language and held that a veteran civilly committed to a state mental hospital is not "confined in" such a facility; as a result, it held, the VA could not reduce the veteran's benefits on that basis. Id. at 1121. Petitioner contends that the same reasoning bars the VA from relying on his civil commitment to the MSOP as a ground to withhold and terminate his pension.

Philbrook may well support Petitioner's underlying substantive position; the Court need not, and so does not, decide the point. But it underscores the jurisdictional problem. Philbrook reached the Federal Circuit under the path that § 511(a) makes exclusive (i.e., the Board of Veterans' Appeals, then the Court of Appeals for Veterans Claims, then the Federal Circuit). See Id. at 1118–19, 1121; see also, e.g., Philbrook v. Wilkie, 32 Vet. App. 342, 343 (2020) (discussing case's earlier procedural history). In short, Philbrook shows that the VJRA channel is the correct avenue for Petitioner's argument.

The Court therefore recommends denying the Petition, and dismissing this action, for lack of subject matter jurisdiction. Given that determination, the Court also recommends denying as moot Petitioner's IFP Application and his Motion for Appointment of Counsel.

5

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner DuWayne M. Gorden's Motion for Preemptory Mandamus Relief (Docket No. 3) be **DENIED**.

2. This matter be **DISMISSED without prejudice.**

3. Petitioner's Declaration in Support of Motion to Proceed In Forma Pauperis, [Docket No. 2], which the Court construes as containing an application to proceed in forma pauperis ("IFP"), be **DENIED as moot**.

4. Petitioner's Motion for Appointment of Counsel, [Docket No. 4], be **DENIED as moot**.

Dated: June 17, 2026                 s/Leo I. Brisbois
                                         Hon. Leo I. Brisbois
                                         United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).